**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**OSCAR ALEJANDRO MARIN MARTINEZ,**

**Petitioner,**

**v.**

**LUIS SOTO, et al.,**

**Respondents.**

**Civil Action No. 26-11282 (SDW)**

**OPINION**

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Oscar Alejandro Marin Martinez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Colombia. (ECF No. 4 at 1). He entered the United States on or about February 20, 2019 on a B-2 tourist visa and was authorized to remain in the United States until August 19, 2019. (*Id.*)

3. Petitioner was detained by ICE on August 25, 2026. (*Id.*) The Petition followed on September 1, 2026. (ECF No. 1).

4. Respondents filed an answer on September 8, 2026 arguing that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and that a bond hearing was scheduled for September 9, 2026. (ECF No. 4 at 1; ECF No. 4-4 at 1).

5. Petitioner did not file a reply.

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

8. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

9. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not

only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

10. "Immigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

11. Respondents concede that Petitioner is being detained pursuant to § 1226(a) and have represented that a bond hearing was scheduled for September 9, 2026. (ECF No. 4-4 at 1).

12. Petitioner has not filed anything suggesting that this hearing did not take place, so this Court presumes that it occurred as scheduled.

13. Accordingly, the Petition will be dismissed without prejudice.

14. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 14, 2026