**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OSCAR ALEJANDRO MARIN MARTINEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11282 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is Petitioner Oscar Alejandro Marin Martinez's motion for reconsideration ("Motion") of this Court's September 14, 2026 Order. (ECF No. 8).

2. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on August 25, 2026. (ECF No. 4 at 1). On September 1, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging that detention. (ECF No. 1).

3. Respondents filed an answer on September 8, 2026 arguing that Petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and that a bond hearing was scheduled for September 9, 2026. (ECF No. 4 at 1; ECF No. 4-4 at 1).

4. Petitioner did not file a reply within the time set by this Court.

5. This Court dismissed the Petition on September 14, 2026. (ECF No. 6).

6. Petitioner filed his Motion shortly after the Order was filed. (ECF No. 8).

7. "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion

for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.* (quoting *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

8. Although the Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice,'" it has suggested "there is substantial, if not complete, overlap between the two concepts," with the focus being "on the gravity and overtness of the error." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311-12 (3d Cir. 2018). A litigant "must show more than mere disagreement with [an] earlier ruling," he or she must show a "direct, obvious, [or] observable error," and "one that is of at least some importance to the larger proceedings." *Id.* at 312 (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)). *Cf. Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) ("A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010))

9. Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013).

10. Petitioner's Motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice.

11. In dismissing the Petition, this Court relied on Respondents' representation that a bond hearing was scheduled for September 9, 2026 and Petitioner's failure to submit anything disputing that representation. (ECF No. 5 ¶¶ 11-12).

12. In his Motion, Petitioner indicated that his immigration counsel withdrew his request for a bond hearing on September 8, 2026. (ECF No. 8 at 2).

13. Petitioner had until September 11, 2026 to file a reply, (ECF No. 3), but Petitioner did not inform the Court of this update prior to its decision. A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001).

14. Moreover, Petitioner has a second habeas corpus petition pending before this Court. *Marin Martinez v. Soto*, No. 26-cv-12706 (D.N.J. filed Sept. 25, 2026) ("*Marin Martinez II*"). Petitioner indicated in those proceedings that he received a bond hearing on October 8, 2026 and was denied bond. *Marin Martinez II*, No. 26-cv-12706 (ECF No. 11 at 1).

15. Petitioner will not be prejudiced by denying the Motion because this Court will review his current custody status in *Marin Martinez II*.

16. Accordingly, the Motion will be denied.

17. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 19, 2026